# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pavlo Malitskyi, | No. CV-25-02929-PHX-MTL (JFM) |
| Petitioner, | **ORDER** |
| v. | |
| David R Rivas, et al., | |
| Respondents. | |

Petitioner Pavlo Malitskyi filed a Petition for Writ of Habeas Corpus Under § 2241 seeking release from immigration detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001), and a motion for preliminary injunction requesting the same.[1] (Docs. 1, 3.) Petitioner also sought and received limited discovery. (Doc. 4.) Both the motion and the Petition are fully briefed. The Court will grant the Petition and direct Petitioner's immediate release from custody.

**I.    Background**

Petitioner was born in 1984 in the Ukrainian Soviet Socialist Republic and lived in Ukraine at the time Russia invaded Ukraine in February 2022. (Doc. 1 ¶¶ 10-11.) Petitioner came to the United States under the "Uniting for Ukraine" program that granted Ukrainians advanced authorization to travel to the United States to seek discretionary parole. (*Id.* ¶ 12.) Petitioner received parole as part of the Uniting for Ukraine initiative, but it was extinguished on February 26, 2025, when he mistakenly drove into Mexico after

---

[1] Because the Petition and motion are both fully briefed, the Court will rule on the Petition and deny the motion as moot.

becoming lost while delivering UberEats in the San Diego area. (*Id.* ¶¶ 13, 17.) When he turned around and presented himself at the San Ysidro Port of Entry a few minutes later, his previous grant of parole was extinguished pursuant to President Trump's Executive Order 14159 that suspended the Uniting for Ukraine program and Petitioner became an arriving alien without authorization and was detained. (*Id.* ¶¶ 15-20). On February 26, 2025, Petitioner was issued a notice and order of expedited removal. (Doc. 10-1, Valenzuela Decl. ¶ 15.) Petitioner remains in immigration detention and claims his detention violates the Fifth Amendment because there is no reasonable probability of his removal to Ukraine in the reasonably foreseeable future.[2]

## II.   Discussion

In *Zadvydas*, the Supreme Court addressed the question of "whether aliens that the government finds itself unable to remove are to be condemned to an indefinite term of imprisonment within the United States." 533 U.S. at 695. In answering that question, the Supreme Court recognized that despite the "serious constitutional problem" that a statute authorizing such indefinite detention for an alien subject to a removal order would present, Congress still could impose such a requirement, if it "made its intent [to do so] in the statute clear." *Id.* at 686 (internal citations and quotations omitted). But upon review, the Court in *Zadvydas* held it could find nothing in the Immigration and Nationality Act of 1952 ("INA") or the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") "that clearly demonstrates a congressional intent to authorize indefinite, perhaps permanent, detention" of aliens subject to final orders of removal. 533 U.S. at 699. For those reasons, the Supreme Court held that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.*

*Zadvydas* held that the "presumptively reasonable" period for detention following a

---

[2] Petitioner also claims his Fifth Amendment rights have been violated because ICE has not provided notice of a proposed third country or provided an opportunity to request deferral or withholding of removal and because he has not been provided periodic custody reviews required by regulation to determine whether removal is reasonably foreseeable and whether his continued detention is appropriate. (Doc. 1 at 10-12.) But because the Court is resolving the Petition as to his first ground for relief, the remaining grounds will be denied as moot.

removal order is six months. *Id.* at 701. It also placed the burden on the alien to "provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* If a movant can make this showing, "the government must respond with evidence to rebut" it. *Id. Zadvydas* thus provides that "an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.* And "for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.*

Petitioner met his burden to establish his removal is not significantly likely to occur in the reasonably foreseeable future. Indeed, Petitioner points to Respondents' own concession in "*Serbenyuk v. Rivas*, No. 2:25-cv-2082-PHX-MTL (MTM) (D. Ariz. filed Aug. 20, 2025) (Dkt. # 22), where they averred 'Because Petitioner can now establish that there is no significant likelihood of removal to Ukraine in the reasonably foreseeable future, he is entitled to release.'"

For their part, Respondents maintain Petitioner's detention is lawful because he "is mandatorily detained under 8 U.S.C. § 1231(a)(1)(A)," as he "was issued an expedited removal order in February 2025," and "was recently re-processed for expedited removal pursuant to 8 U.S.C. § 1225(b)(1)(A) and he was issued a valid executable final administrative order of expedited removal [on] August 28, 2025." Respondents therefore contend "[h]is clock started running on August 28, 2025], so the six-month analysis is premature, and not an issue before this Court." In other words, Respondents claim that Petitioner became subject to a second final expedited removal order on August 28, 2025, that his *Zadvydas* clock began to run anew, and Petitioner is presently subject to detention during the 90-day removal period. But Respondents do not cite any authority justifying the reissuance of Petitioner's final order of removal on August 28, 2025, or restarting Petitioner's *Zadvydas* clock. Thus, because it is November 24, 2025, and Petitioner has been in detention since February 26, 2025, the Court finds the presumptive six-month limit

of detention has been reached.[3]

Respondents do not address, much less adduce any evidence to support, the reasonable likelihood of Petitioner's removal to Ukraine. Petitioner has therefore met his burden to establish his removal is unlikely to occur in the reasonably foreseeable future. *See Seretse-Khama v. Ashcroft*, 215 F. Supp. 2d 37, 50 (D.D.C. 2002) (government failed to rebut showing removal is not reasonably foreseeable when they have not shown "that any travel documents are in hand, nor have they provided any evidence, or even assurances from the Liberian government, that travel documents will be issued in a matter of days or weeks or even months.") The Petition must be granted.

**IT IS THEREFORE ORDERED** Petitioner's Motion to Seal (Doc. 18) is granted. The materials lodged at Doc. 19 must be filed under seal.

**IT IS FURTHER ORDERED** Petition for Writ of Habeas Corpus (Doc. 1) is **granted** as to the First Ground for Relief. The Petition is otherwise denied as moot.

**IT IS FURTHER ORDERED** Petitioner must be released from immigration custody immediately.

**IT IS FURTHER ORDERED** Respondents must file a notice of compliance confirming Petitioner's release no later than 4:00 p.m. on November 26, 2025.

**IT IS FURTHER ORDERED** all remaining pending motions are denied as moot and the Clerk of Court must enter judgment in Petitioner's favor and close this case.

Dated this 25th day of November, 2025.

Michael T. Liburdi
United States District Judge

---

[3] Even if the Court were to conclude Petitioner's *Zadvydas* clock restarted on August 28, the 90-day mandatory removal period is within a few days of expiring and there is no evidence that there is any likelihood of removal in the foreseeable future. Petitioner would, therefore, be entitled to relief under that scenario.

- 4 -